# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| MAJORITY FORWARD; and GAMALIEL WARREN TURNER, SR., <br><br> Plaintiffs, <br><br> v. <br><br> BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUDRUN MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration, <br><br> Defendants. | Case No. 1:20-cv-00266-LAG |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiffs MAJORITY FORWARD, and GAMALIEL WARREN TURNER, SR. (collectively, "Plaintiffs"), for the reasons set forth herein and in the memorandum of law filed concurrently with this motion, and as supported by the materials submitted therewith, respectfully move for a temporary restraining order enjoining Defendants from preventing challenged voters in Ben Hill and Muscogee Counties ("Targeted Voters") from casting regular ballots due to untimely mass challenges based solely on National Change of Address ("NCOA") data that cannot possible provide grounds for probable cause.

A temporary restraining order is warranted here because Plaintiffs are likely to succeed on the merits of their claims. Defendants' decision to entertain these challenges violates Section 8(d) of the National Voter Registration Act because Defendants have not followed the carefully tailored procedures required to question a voter's eligibility based on a suspected change of residency. *See* 52 U.S.C. § 20507(d). Defendants have also violated Section 8(c) of the National Voter Registration Act, which preclude mass challenges to voter eligibility within 90 days of a federal election. *See* 52 U.S.C. § 20507(c). Further, Defendants' actions severely burden the right to vote without justification in violation of the First and Fourteenth Amendments. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)).

Moreover, Plaintiffs will suffer irreparable injury without an injunction. *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1167 (N.D. Fla. 2012). And the balance of equities and the public interest favor an injunction. *United States v. Georgia*, 892 F. Supp. 2d 1367, 1377 (N.D. Ga. 2012*); Democratic Exec. Comm. v. Lee*, 915 F.3d 1312, 1327 (11th Cir. 2019).

Accordingly, Plaintiffs request that the Court issue a temporary restraining order (1) enjoining Defendants from removing any Targeted Voters from the registration lists on the basis of NCOA data; (2) enjoining Defendants from preventing any Targeted Voters from casting a regular ballot in the January 5, 2021 runoff elections on the basis of NCOA data; (3) enjoining Defendants from requiring any Targeted Voters to cast a provisional ballot or to present any additional evidence of eligibility on the basis of NCOA data; (4) requiring Defendants to make reasonable efforts to inform all Targeted Voters of the terms of the restraining order; and (5) granting Plaintiffs such other and further relief that the Court deems necessary and proper.

Dated: December 27, 2020

Respectfully submitted,

*/s/ Adam M. Sparks*
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW,
Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Uzoma Nkwonta*
Jacob D. Shelly*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
(202) 654-6200

*Attorneys for Plaintiffs*
**Pro hac vice applications* forthcoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MAJORITY FORWARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BEN HILL COUNTY BOARD OF ELECTIONS, et al., <br><br> Defendants. | Case No. 1:20-cv-00266-LAG |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2020, I caused a copy of the foregoing documents to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record, and by electronic mail to the following:

Nicholas Andrew Kinsley
Hall Booth Smith PC
1564 King Road
Tifton, GA 31793
nkinsley@hallboothsmith.com

Dated: December 27, 2020.         */s/ Adam M. Sparks*
                                            Adam M. Sparks
                                            *Attorney for Plaintiffs*