IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MAJORITY FORWARD; and GAMALIEL WARREN TURNER, SR., | * * * | |
| Plaintiffs, | * * | |
| v. | * * * | Case No. 1:20-cv-00266-LAG |
| BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUNDRON MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

COME NOW Defendants MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration (collectively, "Muscogee County Defendants"), and, pursuant to 28 U.S.C. § 455, respectfully move that Judge Leslie Abrams Gardner recuse herself from further participation in the above-captioned matter.

### I. PRELIMINARY STATEMENT

The Muscogee County Defendants respectfully acknowledge that this lawsuit was filed just five days ago and one day before the Christmas holiday and that the Court may not have had time to glean or assess the information provided below. However, given the emergency injunctive relief sought by the Plaintiffs and the expedited hearing set for Wednesday, December 30, 2020, the Muscogee County Defendants present the following and move in advance of the hearing to seek the relief requested by this motion.[1]

---

[1] A recusal motion must be brought "at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for such a claim." *Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 247 (2d Cir.1996). A prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps avoids the risk that a party is holding back a

2

II.  INTRODUCTION AND RELEVANT FACTUAL HISTORY

On December 14, 2020, pursuant to O.C.G.A. § 21-2-230(a), Ralph A. Russell, Jr., a registered voter in Muscogee County, Georgia, challenged the qualifications of over 4,000 individuals on the Muscogee County voter list to vote in the Georgia Senate run-off election on January 5, 2010.  *See* Russell Challenge, a copy of which is attached as Exhibit A hereto.  Russell claimed to have evidence that the individuals he is challenging are not Georgia residents and submitted a spreadsheet containing each individual's voter registration number and demonstrating that the challenged individuals simultaneously appear on both the Muscogee County voter registration database and the National Change of Address Registry ("NCOAR").  *See id.*

On December 16, 2020, pursuant to O.C.G.A. § 21-2-230(b), the Muscogee County Board of Elections and Registration ("MCBER") called a special meeting to consider whether probable cause existed to sustain Russell's challenge.  At the hearing, the MCBER voted unanimously that probable cause existed to sustain Russell's challenge and implemented appropriate procedures to ensure ballots cast in the upcoming run-off elections by individuals who have been challenged would be provisional until Russell's challenge can be fully adjudicated at a hearing.  Individuals who have been challenged will have an opportunity, but are not required, to present evidence supporting their eligibility to vote in the run-off election.  The MCBER will then decide whether to count the ballots cast by individuals who have been challenged.

On December 23, 2020, Plaintiffs Majority Forward, an alleged not-for-profit organization claiming to support voter registration and turnout (*see* Complaint, ECF No. 1, at ¶8), and Muscogee

---

recusal application as a fall-back position in the event of adverse rulings on pending matters. *LoCascio v. U.S.*, 473 F.3d 493, 498 (2d Cir. 2007).

County resident Gamaliel Warren Turner, Jr., filed the instant suit against the Muscogee County Defendants seeking: (1) a declaration that the MCBER's decision to entertain the challenge violates Sections 8(c) and 8(d) of the National Voter Registration Act; (2) a declaration that the MCBER's decision to entertain the challenge and allegedly force voters to cast provisional ballots or otherwise take additional steps to prove their qualifications burdens the right to vote in violation of the First and Fourteenth Amendments to the Constitution of the United States; and (3) a preliminarily and permanent injunction preventing the MCBER from removing any individuals who have been challenged from the Muscogee County registration lists on the basis of NCOAR data and from preventing any individuals who have been challenged from casting a regular ballot in the January 5, 2021 runoff elections on the basis of NCOAR data. *See* Complaint, ECF No. 1, at Prayer for Relief.[2] Plaintiffs allege that Russell's challenge is part of "a well-publicized attack on over 360,000 voters across the State of Georgia, initiated by True the Vote, a Texas-based organization." *See id.* at ¶1.

The case was assigned to The Honorable Leslie Abrams Gardner. Judge Gardner is the sister of Stacey Abrams, a Georgia politician and voting rights activist who was the Democratic candidate in the 2018 Georgia gubernatorial election and has since engaged in various highly-publicized efforts to increase voter registration and turnout for the 2020 general election in Georgia. Abrams has also been prominently involved in litigation in Georgia alleging voter fraud, voter suppression, and other electoral misconduct. Abrams founded Fair Fight, Inc. ("Fair Fight"),

---

[2] Plaintiffs also named the Ben Hill County Board of Elections and its five members (collectively, "Ben Hill County Defendants") attacking an entirely separate elector challenge filed by an unnamed person. Joining the Muscogee County Defendants with the Ben Hill County Defendants was inappropriate and unfair to the Muscogee County Defendants. A separate motion to sever and transfer the claims to the Columbus Division of this Court is being filed.

a political action committee that promotes voter registration and mobilization for young people and people of color in Georgia.[3,4]

On December 23, 2020, the same date this lawsuit was filed, Fair Fight filed suit in United States District Court for the Northern District of Georgia against True the Vote and several individuals allegedly acting in concert therewith (the "Fair Fight Litigation") seeking declaratory and injunctive relief preventing voter challenges in each of Georgia's 159 counties based on the NCOAR.  *See Fair Fight, Inc., et al. v. True the Vote, et al.*, Case No. 2:20-mi-99999-UNA, Doc. No. 231 (N.D. Ga. Dec. 23, 2020).  This would include the Russell challenge to the extent Fair Fight can prove -- as has been alleged -- that True the Vote is involved therewith.

Lead counsel for Plaintiffs in the instant case are also counsel for Fair Fight in the Fair Fight Litigation.  In addition, any relief rendered in the instant case as it relates to the NCOAR would likely be cited as persuasive authority in the Fair Fight Litigation.  Abrams' interest could therefore be substantially affected by the outcome of this proceeding.  For this reason, Judge Gardner's impartiality might reasonably be questioned were this case to proceed before her.  The Muscogee County Defendants respectfully request that Judge Gardner recuse herself from further involvement in the present case.

---

[3] *See* https://fairfight.com/about-fair-fight/
[4] Abrams also founded New Georgia Project, which is dedicated to register and civically engage Georgians.   *See*  https://www.politico.com/news/2020/11/08/stacey-abrams-believers-georgia-blue-434985; https://newgeorgiaproject.org/about/.  The New Georgia Project has filed lawsuits against the Georgia Secretary of State and various county election officials, alleging that these officials employ illegal and discriminatory procedures that suppress votes, especially those of minorities.  *See The New Georgia Project, et al. v. Raffensberger, et al.*, Case No. 1:20-cv-1986, ECF No. 1 (N.D. Ga. 2020); *Georgia Coalition for the Peoples' Agenda, et al. v. Brian Kemp*, Case No. 1:18-cv-04727-ELR, ECF No. 1 (N.D. Ga. Oct. 11, 2018).

## III.  ARGUMENT AND CITATION TO AUTHORITY

Recusal of federal judges is governed by 28 U.S.C. § 455.  A federal judge has an affirmative obligation to disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(a), (b); *U.S. v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1988).  Recusal is appropriate absent evidence of actual bias where "[t]he probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 871 (2009)*(quoting Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  A judge must also recuse herself where a person within the third degree of relationship "is known by the judge to have a substantial interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(5)(iii).  The key inquiry is "whether an objective, disinterested lay observer" knowing the grounds on which recusal is sought "would entertain a significant doubt about the judge's partiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  A federal judge is required "to resolve any doubts they may have in favor of disqualification." *Kelly*, 888 F.2d at 744.

Abrams' involvement in the Fair Fight Litigation, which involves allegedly identical issues related to the NCOAR and overlapping counsel, is sufficient to satisfy the standard for mandatory judicial recusal under 28 U.S.C. § 455.  Abrams has a clear interest in the outcome of this proceeding and other similarly situated litigation in Georgia due to her voting advocacy through projects such as Fair Fight and the New Georgia Project.[5]  Various national news outlets have

---

[5] Bill Barrow and Kat Stanford, *Stacey Abrams credited for boosting Democrats in Georgia*, AP NEWS, Nov. 8, 2020, found at https://apnews.com/article/election-2020-joe-biden-stacey-abrams-georgia-atlanta-1d265f35303be8ca59836a1a95018d82.   Similarly, NPR printed an interview Abrams gave wherein Abrams claims that the New Georgia Project and her other

reported on Abrams' central involvement in voter registration drives in Georgia, which are the very activities challenged by True the Vote and resulted in this lawsuit and the Fair Fight Litigation.[6] The resolution of Plaintiffs' claims in this case will bear directly on the outcome of the ongoing Fair Fight Litigation, Abrams' interests will necessarily be substantially affected and clearly, a disinterested lay observer could entertain significant doubt about Judge Gardner's partiality under the circumstances.  *See Kelly*, 888 F.2d at 745 ("it is enough that the average layperson would have doubts about any judge's impartiality under these circumstances.")

Therefore, 28 U.S.C. § 455 and applicable judicial precedent in this Circuit require that Judge Gardner recuse herself from further participation in this proceeding.

## IV.  CONCLUSION

For the foregoing reasons, the Muscogee County Defendants respectfully request that the Court inquire into and grant its Motion to recuse Judge Gardner from further participation in this proceeding.

---

projects resulted in 800,000 new voters registering in Georgia for the 2020 general election.  Mary Louise Kelly, *Former Georgia Gubernatorial Candidate on a Push for Voter Turnout*, NPR, Nov. 2, 2020, found at https://www.npr.org/2020/11/02/930504055/former-georgia-gubernatorial-candidate-on-a-push-for-voter-turnout.

[6] AP News noted that Abrams "has become perhaps the nation's leading voice on voting rights" and that "she raised millions of dollars to organize and register hundreds of thousands of voters."  *See* https://apnews.com/article/election-2020-joe-biden-stacey-abrams-georgia-atlanta-1d265f35303be8ca59836a1a95018d82

This 28th day of December, 2020.

                              PAGE, SCRANTOM, SPROUSE,
                               TUCKER & FORD, P.C.

                        By: */s/ James C. Clark, Jr.*
                              James C. Clark, Jr.
                              jcc@psstf.com
                              Georgia Bar No.: 127145
                              Thomas F. Gristina
                              tfg@psstf.com
                              Georgia Bar No.: 452454

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251
jcc@psstf.com
tfg@psstf.com

                        By: /s/ Clifton C. Fay
                              Clifton C. Fay
                              Georgia Bar No.: 256460
                              cfay@columbusga.org

P.O. Box 1340
Columbus, Georgia 31902

                        Counsel for Defendants

**CERTIFICATE OF SERVICE**

I do hereby certify that on the date indicated below, I submitted the foregoing document to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record, and by U.S. mail to the following:

Marc E. Elias
Jacob D. Shelly
Uzoma N. Nkwonta
Perkins Coie LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

This 28th day of December, 2020.

                                             */s/ James C. Clark, Jr.*
                                             Counsel for Defendants