IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MAJORITY FORWARD; and GAMALIEL WARREN TURNER, SR., <br><br> Plaintiffs, <br> v. <br><br> BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUNDRON MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration, <br><br> Defendants. | Case No. 1:20-cv-00266-LAG |

# BRIEF IN SUPPORT OF MOTION TO SEVER CLAIMS AND TRANSFER VENUE

Defendants MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration (collectively, "Muscogee County Defendants") submit this Brief in Support of their Motion for an order severing all claims asserted against them and transferring those claims to the Columbus Division of the Middle District of Georgia, respectfully showing the Court the following.

## -- INTRODUCTION --

Plaintiffs Majority Forward, a Washington, D.C. based not-for-profit organization claiming to support voter registration, and Muscogee County resident Gamaliel Warren Turner, Jr., filed the present case against the Muscogee County Defendants seeking declaratory and injunctive relief to prevent a voter challenge as to more than 4,000 voters in Muscogee County. Muscogee County (a consolidated city-county government in Columbus), where Plaintiff Turner resides, where the Muscogee County Defendants reside, and where the claims at issue arose, is located in the Columbus Division of this Court.

But Plaintiffs did not file this case in the Columbus Division. Instead, they have filed it here, hoping to bootstrap their claims against the Muscogee County Defendants onto claims they

purport to have against several Ben Hill County Defendants concerning some 300 voters there. Plaintiffs' own Complaint affirmatively shows that their claims against the Muscogee County Defendants and the Ben Hill County Defendants are separate and distinct. And even more disturbing, Plaintiffs seek to have the Muscogee County Defendants litigate claims as to the registration of over 4,000 voters in the Albany Division, solely based on an allegation that there are claims about 300 other voters in another county who may or may not reside in the Albany Division.

The only named Plaintiff who appears to have a stake in this case, Plaintiff Turner, is a resident of Muscogee County.[1] He raises claims about Muscogee County voters against Defendants who are all residents of Muscogee County. Those claims are entirely separate and distinct from any other claims Majority Forward (to the extent it has standing) is raising against other defendants in another county. The Muscogee County Defendants respectfully submit that the claims asserted against them should be severed pursuant to Fed. R. Civ. P. 21 and pursuant to Local Rule 3.4 transferred to the Columbus Division of this Court. Alternatively, if the Court determines that severance is not appropriate, the Court should exercise its discretion and transfer this entire case to the Columbus Division pursuant to 28 U.S.C. § 1404(a).

## -- RELEVANT FACTUAL ALLEGATIONS --

Plaintiff Majority Forward is an alleged not-for-profit organization claiming to support voter registration and turnout. [*See* Pltfs' Compl., ECF No. 1, at ¶8] Although residency is not alleged in its Complaint, Majority Forward appears to be based in Washington, D.C. Plaintiff Gamaliel Warren Turner, Sr. is a resident of Muscogee County. [*See id.* at ¶9] Plaintiffs claim

---

[1] Plaintiffs do not allege the residency of Majority Forward, although it appears this organization is based in Washington, D.C. *See* https://docquery.fec.gov/cgi-bin/fecimg/?C90016098 (last accessed Dec. 27, 2020). The Muscogee County Defendants reserve their rights to challenge the standing of Majority Forward.

3

that Mr. Turner is a "targeted voter" because his absentee ballot has been marked as "challenged" by the Muscogee County Board of Elections. [*Id.*]

According to Plaintiffs' Complaint, this case arises from two separate decisions of two county Boards of Elections. On December 14, 2020, pursuant to O.C.G.A. § 21-2-230(a), Ralph A. Russell, Jr., a registered voter in Muscogee County, Georgia, challenged the qualifications of several thousand individuals on the Muscogee County voter list to vote in the Georgia Senate run-off election on January 5, 2010. [*See id.* at ¶75 & Ex. B ("Russell Challenge")] In support of his claims, Russell claimed to have evidence that the individuals he is challenging are not Georgia residents. Mr. Russell submitted a spreadsheet containing each individual's voter registration number and demonstrated that the challenged individuals simultaneously appear on both the Muscogee County voter registration database and the National Change of Address Registry ("NCOAR"). [*See id.*] Plaintiffs allege that on December 16, 2020, the Muscogee County Board of Elections and Registration voted that there was probable cause to support Russell's challenge. [*Id.* at ¶83] Plaintiffs allege that Mr. Russell's challenge affects some 4,033 Muscogee County voters, including Plaintiff Turner. [*Id.* at 75].

Plaintiffs also attack a separate elector challenge filed by an unnamed person with the Ben Hill County Board of Elections, and have sued the Ben Hill County Board of Elections and members of the Ben Hill County Board of Elections (collectively the "Ben Hill County Defendants"). [*See id.* at ¶¶71-74] Plaintiffs allege that on December 23, 2020, the Ben Hill Board of Elections voted to find that a challenge to certain voters was supported by probable cause. [*Id.* at ¶71] Plaintiffs do not affirmatively allege the basis for this challenge (or attach the challenge to their Complaint), but believe the challenge was "based solely on a purported attempt to match the list of registered voters in Ben Hill County with National Change of Address data." [*Id.* at ¶72] Plaintiffs allege that actions of the Ben Hill County Defendants affected some 328 voters. [*Id.* at

¶72][2] Plaintiffs do not allege how the actions of the Ben Hill County Defendants in any way affected Plaintiff Turner, who is purportedly a registered voter in Muscogee County.

Plaintiffs seek declaratory and injunctive relief related to the two separate decisions made by the Muscogee County Board of Elections and the Ben Hill County Board of Elections. Plaintiffs do not explain how that relief should be tailored respectively against the Muscogee County Defendants or the Ben Hill County Defendants, even though the actions of the two Boards of Elections are undoubtedly different and affect different voters in different counties.

## -- ARGUMENT AND CITATION OF AUTHORITY --

### I. All Claims Against the Muscogee County Defendants Should be Severed Pursuant to Federal Rule of Civil Procedure 21.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. "[S]everance under Rule 21 creates two separate actions or suits where previously there was but one…." *Sprinkler Int'l L.L.C. v. Greenfence, LLC*, 2017 WL 5952270, at *1 (N.D. Ga. Dec. 1, 2017) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)). "[A] district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Id.* (quoting *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)). Claims are discrete and separate if one is "capable of resolution despite the outcome of the other claim." *Id.* And, "it is within the trial court's broad discretion whether to sever a claim under Rule 21." *Id.* (quoting *Rice v. Sunshine Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611

---

[2] While still not entirely describing their claims against the Ben Hill County Defendants, Plaintiffs have now reduced the number of challenged voters in Ben Hill County to 152. [*See* Pltfs' Br. in Support of Mot. for TRO, ECF No. 5, at p.11]

F.3d 1350, 1367 (11th Cir. 2010) (stating that district court did not abuse its "considerable discretion" in severing case under Rule 21).

Severance is entirely appropriate here because Plaintiffs' claims against the Muscogee Defendants are separate and discrete from their claims against the Ben Hill County Defendants. Plaintiffs' own Complaint makes that clear. Plaintiffs base their claims against the Muscogee County Defendants on a meeting held by the Muscogee County Board of Elections on December 16, 2020. Plaintiffs claim that at that meeting the "Muscogee Board (in a 3-1 vote) erroneously concluded, based solely on alleged mass lists of unverified NCOA data comparisons, that there was probable cause to support the challenge." [*See* Pltfs' Compl., ECF No. 1, at ¶83] Plaintiffs claim that decision potentially impacted some 4,033 Muscogee County voters [*Id.* at ¶75], but acknowledge that the Muscogee County Defendants also voted to exempt any individuals on the challenge list who were entitled to vote under the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"). [*Id.* at 84].

Plaintiffs base their claims against the Ben Hill County Defendants on a meeting held by the Ben Hill County Board of Elections on December 23, 2020, and purported decision that day to find probable cause to a challenge to 328 voters in Ben Hill County. [*Id.* at ¶71] Plaintiffs allege "[o]n information and belief" that this challenge in Ben Hill County was "based solely on a purported attempt to match the list of registered voters in Ben Hill County with NCOA data." [*Id.* at 72] Plaintiffs do not allege any specifics as to the Ben Hill County NCOA data, nor do they address whether the Ben Hill County Defendants excluded certain challenged voters under the UOCAVA, as they allege happened in Muscogee County.

The claims against the Muscogee County Defendants and the Ben Hill County Defendants are not factually related because they arise from entirely separate voter challenges involving different voters and the actions of two different election boards. Plaintiffs do not allege that there

6

is any overlap of witnesses or documents between their claims against the Ben Hill County Defendants and the Muscogee County Defendants.[3]  Plaintiffs' ability to prove their claims as to the Ben Hill County Defendants has no factual bearing on their ability to prove their claims as to the Muscogee County Defendants, or vice-versa.  They are *different* claims against *different* defendants concerning *different* decisions made by *different* Boards of Elections based on *different* facts.  Since the claims are separate and discrete, it is appropriate for the Court to sever Plaintiff's claims against Muscogee County Defendants from their claims against the Ben Hill County Defendants.

II.     **Once the Claims Against the Muscogee County Defendants are Severed, Venue as to the Muscogee Defendants is Only Proper in the Columbus Division.**

Severance under Rule 21 creates two discrete, independent actions, which then proceed as separate suits.  S*ee Hoffman v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (citation omitted)  Once the claims against the Muscogee County Defendants are severed, as they should be, there is no basis at all for venue in the Albany Division.  Instead, 28 U.S.C. § 1391 provides that venue for any action against the Muscogee County Defendants would only be proper in "a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  That venue would be in the Middle District of Georgia.  And Local Rule 3.4 would dictate the Columbus Division as the proper forum as it is the division in which "the plaintiff resides, the defendant resides or the claim arose."

The remedy for Plaintiffs' improper choice of forum is clear.  Local Rule 3.4 directs the Clerk of Court to "transfer to the appropriate division any civil case that is filed in a division in

---

[3] Indeed, Plaintiffs' Complaint affirmatively identifies only one witness, Nick Kinsley, who has allegedly knowledge solely about the decision of the Ben Hill County Defendants.  [*See* Pltfs' Compl., ECF No. 1, at ¶73]

7

which neither the plaintiff or defendant resides nor the claim arose." M.D. Ga. L.R. 3.4. This Court should direct the Clerk transfer the severed claims against the Muscogee County Defendants to the Columbus Division.

### III. Alternatively, Transfer of Venue to the Columbus Division is Required Pursuant to 28 U.S.C. § 1404(a).

Alternatively, if the Court decides that severance is not appropriate, the entire case should be transferred to the Columbus Division pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998) (internal quotation marks omitted); s*ee also Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("The decision to transfer a case to another district is left to the sound discretion of the trial court."). The Muscogee Defendants, as the movant here, have the burden "to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).

#### A. This Action Could Have Been Brought in the Columbus Division.

As a preliminary matter, when a change of venue is requested under 28 U.S.C. § 1404(a), courts consider whether the suggested forum is one in which the case could have been properly brought. *Martin v. South Carolina Bank*, 811 F.Supp. 679, 683 (M.D. Ga. Dec. 3, 1992). The United States Supreme Court has interpreted this requirement to mean "[i]f when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.'" *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quoting 28 U.S.C. § 1404(a)).

There is no question here that Plaintiffs could have brought their case in the Columbus Division. The Columbus Division has subject matter jurisdiction pursuant to 28 U.S.C. §1331 for the same reason this Court does: Plaintiffs allege claims arising under the laws and Constitution of the United States. [*See* Pltfs' Compl. at ¶24] In addition, venue is proper in the Columbus Division as all of the Muscogee County Defendants reside in the Columbus Division, and the events or omissions giving rise to Plaintiffs' claims against the Muscogee County Defendants occurred exclusively within the Columbus Division. In sum, this action "might have been brought" in the Columbus Division of the Middle District of Georgia. 28 U.S.C. § 1404(a).

### B. The Relevant Factors Weigh in Favor of a Transfer to the Columbus Division.

To the extent they are relevant to a particular case, the Eleventh Circuit has identified nine factors to analyze when considering a movant's request for a transfer of venue pursuant to 28 U.S.C. § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted).

In this case, the relevant factors weigh strongly in favor of transferring this case to the Columbus Division. Litigating this case in the Columbus Division is more convenient for the parties. Again, Plaintiff Majority Forward is a not-for-profit 501(c)(4) organization believed to be based in Washington, D.C., with no alleged connection to the Albany or Columbus Divisions. [*See* Pltfs' Compl. ¶8] However, Plaintiff Turner, the only individually named plaintiff in this case, is a resident of Muscogee County. [*See id.* ¶9] Thus, the Albany Division should be more *inconvenient* to Plaintiffs than the Columbus Division. The Columbus Division is obviously more

9

convenient for the individual Muscogee County Defendants since they all reside in Muscogee County and would not have to travel more than 150 miles roundtrip outside of their home division to litigate this case in Albany.

The location of the majority of relevant documents and witnesses likewise favors a transfer. It is clear from Plaintiffs' Complaint that the vast majority of votes potentially impacted by voter challenges is in the Columbus Division. In fact, according to Plaintiffs' Complaint, the number of potential votes impacted by voter challenges in the Columbus Division is *more than ten times higher* than those in the Albany Division. [*See* Pltfs' Compl., ECF No. 1, at ¶7 (stating that mass challenges have been made to over 300 registered voters in Ben Hill County, and over 4,000 registered voters in Columbus)] It stands to reason, then, that the majority of potential witnesses and relevant documents such as voting records will be in the Columbus Division.[4]

The only factor that weighs against a transfer to the Columbus Division is that Plaintiffs and their counsel selected the Albany Division. However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Suomen Colorize Oy v. DISH Network, L.L.C.*, 801 F. Supp.2d 1334, 1338 (M.D. Fla. Jul. 8, 2011); *see also Escobedo v. Wal-Mart Stores, Inc.*, 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008) (stating that "a plaintiff's choice of forum is afforded less weight if the plaintiff resides outside the forum due to the difficulty plaintiff will have in showing why the original forum is more convenient, and a plaintiff's choice of forum is also afforded little weight if the majority of the operative facts occurred elsewhere.").

---

[4] If the number of voters in Ben Hill County is now 152 as Plaintiffs' allege in their Brief in Support of their Motion for Temporary Restraining Order [ECF no. 5, at p. 11], the number of voters at issue in the Columbus Division is more than *twenty-five times* the number of voters at issue in the Albany Division.

In this case, neither Plaintiff has any connection to the Albany Division. As a result, Plaintiffs' choice of forum should be accorded little weight, if any, which compels the transfer of this case to the Columbus Division of the Middle District of Georgia.

## -- CONCLUSION --

For the aforementioned reasons, and pursuant to Fed. R. Civ. P. 21, 28 U.S.C. § 1404(a), and Local Rule 3.4, the Muscogee Defendants submit that the Court should **GRANT** their Motion to Sever Claims and Transfer Venue, and transfer this case to the Columbus Division of the Middle District of Georgia.

Respectfully submitted this 28th day of December, 2020.

             PAGE, SCRANTOM, SPROUSE,
              TUCKER & FORD, P.C.

             By: */s/ Thomas F. Gristina*
               James C. Clark, Jr.
               jcc@psstf.com
               Georgia Bar No.: 127145
               Thomas F. Gristina
               tfg@psstf.com
               Georgia Bar No.: 452454

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

             By: /s/ Clifton C. Fay
               Clifton C. Fay
               Georgia Bar No.: 256460
               cfay@columbusga.org

P.O. Box 1340
Columbus, Georgia 31902

             Counsel for Defendants

# **CERTIFICATE OF SERVICE**

I do hereby certify that on the date indicated below, I submitted the foregoing document to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record, and by U.S. mail to the following:

Marc E. Elias
Jacob D. Shelly
Uzoma N. Nkwonta
Perkins Coie LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

This 28th day of December, 2020.

*/s/ Thomas F. Gristina*
Counsel for Defendants