IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MAJORITY FORWARD; and GAMALIEL WARREN TURNER, SR.,

Plaintiffs,

v.

BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUNDRON MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration,

Defendants.

Case No. 1:20-cv-00266-LAG

**MOTION TO STAY AND MEMORANDUM OF LAW IN SUPPORT**

COME NOW Defendants MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration (collectively, "Muscogee County Defendants") and pursuant to Fed. R. Civ. P. 62(d), hereby submit this Motion to Stay and Memorandum of Law in Support, respectfully showing the Court the following:

1.

Plaintiffs Majority Forward, a Washington, D.C. based not-for-profit organization claiming to support voter registration, and Muscogee County resident Gamaliel Warren Turner, Jr., filed the present case on December 23, 2020 against the Muscogee County Defendants to prevent a elector challenge as to more than 4,000 voters in Muscogee County, and against the Board of Elections and its members in Ben Hill County (the "Ben Hill County Defendants") to prevent an allegedly similar challenge related to some 300 voters in Ben Hill County. Plaintiffs' Complaint was unverified. While Plaintiffs' Complaint sought declaratory and injunctive relief, the Complaint did not seek a temporary restraining order (TRO) or otherwise plead the requirements for relief under Fed. R. Civ. P. 65. [Doc. no. 1].

2.

On December 24, 2020, this Court set a hearing on this case for December 30, 2020. [Doc. no. 2]. Thereafter, at 6:31 p.m. on December 27, 2020, Plaintiffs filed a Motion for TRO, along with various affidavits and documents allegedly in support. [Doc. 5]. On December 28, 2020, the Muscogee County Defendants filed a Motion to Recuse [Doc. no. 7], along with a Motion to Sever and Transfer Venue [Doc. no. 11]. The Court has not yet ruled on either motion.

3.

Having just received Plaintiff's Motion for TRO late Sunday evening on December 27, 2020 (that arose from an unverified Complaint that did not even ask for a TRO), the Muscogee County Defendants were in the process of preparing their response in anticipation of the Court hearing set for December 30, 2020. At 9:08 p.m. on December 28, 2020, just over 24 hours after Plaintiffs filed their Motion for TRO and without the Muscogee County Defendants being afforded the opportunity to respond, the Court issued an Order granting Plaintiffs' Motion for TRO. [Doc. no. 12].

4.

The Muscogee County Defendants have herewith filed their Brief in Opposition to Plaintiff's Motion for TRO, and hereby incorporate that filing by reference. As set forth in the Muscogee County Defendants' Brief, the TRO was erroneously issued based on an incomplete record without providing the Muscogee County Defendants the opportunity to respond. Enforcement of the TRO should be stayed.

5.

Contrary to Plaintiffs' allegations, the Muscogee County Board of Elections and Registration (the "Board") has not removed and will not remove any voter from the list of those eligible to vote in the upcoming run-off election, nor does the Russell challenge request that any

voter be removed from the voter registry. No ballot of any of the challenged ballots will be rejected unless the Board finds clear and convincing evidence that the ballot was not cast by a Georgia resident. A hearing of the Board to consider those issues has been set for January 8, 2021 at 4:00 p.m.

6.

Fed. R. Civ. P. 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

7.

The Muscogee County Defendants show that the procedure they lawfully adopted to deal with the voter challenge brought pursuant to O.C.G.A. § 21-2-230 preserved the status quo pending upcoming run-off election as no decisions will be made regarding the potential disallowance of votes until January 8, 2021. The TRO entered by the Court, however, orders the Muscogee County Defendants to discontinue the issue of provisional ballots with regard to these voters and orders the Muscogee County Defendants to allow these challenged voters to cast a "regular ballot." Once those ballots are cast, the votes will be tabulated, even if the challenged voter is not a resident of the State of Georgia.

8.

The Court's TRO [Doc. no. 12] could potentially require the Muscogee County Defendants to count the votes of persons who are not residents of Muscogee County, Georgia, in violation of Georgia law. The record in this case already has evidence of at least two such instances.

9.

Prior to being forced to tabulate votes from voters who are not residents of Muscogee County, Georgia, the Muscogee County Defendants intend to exercise their rights to appeal the Court's TRO [Doc. no. 12] to the United States Court of Appeals for the Eleventh Circuit. The Muscogee County Defendants submit that this Court should stay the TRO pending the appeal.

WHEREFORE, the Muscogee County Defendants respectfully request that this Court inquire into and **GRANT** their Motion to Stay.

Respectfully submitted this 29th day of December, 2020.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: */s/ Thomas F. Gristina*
James C. Clark, Jr.
jcc@psstf.com
Georgia Bar No.: 127145
Thomas F. Gristina
tfg@psstf.com
Georgia Bar No.: 452454

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251
jcc@psstf.com
tfg@psstf.com

By: /s/ Clifton C. Fay
Clifton C. Fay
Georgia Bar No.: 256460
cfay@columbusga.org

P.O. Box 1340
Columbus, Georgia 31902

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I do hereby certify that on the date indicated below, I submitted the foregoing document to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record, and by U.S. mail to the following:

Marc E. Elias
Jacob D. Shelly
Uzoma N. Nkwonta
Perkins Coie LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

This 29th day of December, 2020.

*/s/ Thomas F. Gristina*
Counsel for Defendants