**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MAJORITY FORWARD, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.:   1:20-CV-266 (LAG) |
| : | |
| BEN HILL COUNTY BOARD OF : | |
| ELECTIONS, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

# **ORDER**

Before the Court is Plaintiffs' Amended Complaint which seeks both a declaratory judgment and a preliminary injunction. (Doc. 20 ¶ 27.) The Court previously granted Plaintiffs' Motion for a Temporary Restraining Order (Doc. 5) on December 28, 2020. (Doc. 12.) On December 30, 2020, the Court held a hearing on Plaintiffs' request for a preliminary injunction. The Court finds that, as to the Ben Hill County Defendants, Plaintiffs have failed to demonstrate a likelihood of success on the merits of their claims. The Court further finds as to the Muscogee County Defendants, Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."). Specifically, Plaintiffs have established that Defendants' challenged conduct likely violates the change of residence provisions of the National Voter Registration Act (NVRA), 52 U.S.C.

§ 20507(d)(1), in that it systematically removes the names of eligible voters from the State's voter rolls, in violation of 52 U.S.C. §50207(c)(2)(A).

It is **ORDERED** that Plaintiffs' request for preliminary injunction is **GRANTED in part** to the extent as set forth herein:

1. The Muscogee County Defendants are enjoined from upholding a challenge to any voter's eligibility solely on the basis of information in the NCOA registry.
2. The Muscogee County Defendants are required to advise any voter whose eligibility has been challenged on the basis of the National Change of Address (NCOA) registry that:
    a. Their eligibility to vote has been challenged because their name appeared on the NCOA registry;
    b. They may cast a provisional ballot in the January 2021 Runoff Election;
    c. The challenge to their eligibility will not be sustained absent specific evidence of ineligibility. Such specific evidence shall not include the appearance of a voter's name or other information on the NCOA registry;
    d. In the event that the Board obtains such specific evidence of ineligibility, the voter will be advised of the said specific evidence by phone and in writing by **5:00 pm (EST)** on **January 6, 2021**;
    e. Such voter will also be advised of the right to be heard and present evidence as to why the challenge to their ballot should be removed and their ballot should be counted. Specifically, voters will be advised that they can present evidence by:
        i. appearing at a hearing, in person or virtually, at 4:00 pm (EST) on January 8, 2021;
        ii. emailing the information to nboren@columbusga.org;
        iii. faxing the information to 706-225-4394; or
        iv. mailing the information to Elections and Registration, P.O. Box 1340, Columbus, Georgia 31902 on or by 5:00 pm (EST) on January 8, 2021.

It is **FURTHER ORDERED** that the Temporary Restraining Order (Doc. 12) is hereby dissolved.

In accordance with Rule 52(a)(2) of the Federal Rules of Civil Procedure, the Court will subsequently issue a Final Order setting forth its findings of fact and conclusions of law.[1] The time from which to appeal the Court's decision shall run from the entry of the Court's Final Order.

**SO ORDERED,** this 30th day of December, 2020.

          /s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] During the hearing, the Court advised the parties that it would likely issue a preliminary order on the preliminary injunction due to the importance of this mater and the compressed time schedule. The Parties did not object to this.