IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MAJORITY FORWARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BEN HILL COUNTY BOARD OF ELECTIONS, et al., <br><br> Defendants. | Case No. 1:20-cv-00266-LAG |

**PLAINTIFFS' OPPOSITION TO MUSCOGEE COUNTY DEFENDANTS' MOTION
TO SEVER CLAIMS AND TRANSFER VENUE**

## I. INTRODUCTION

Plaintiffs filed this legal challenge to the Ben Hill County and Muscogee County elections boards' decisions to proceed with indiscriminate mass challenges to voters in their respective counties, based solely on the challengers' representation that the voters on the challenge lists also appeared on the U.S. Postal Service's National Change of Address ("NCOA") registry. With just days remaining before the January 5, 2021 runoff election—and with early voting already underway—the Muscogee County Defendants have asked this Court to sever the claims against the two county boards for reasons that are entirely untethered to the legal claims in this lawsuit or the standards for severance. This case does not turn on unique factual distinctions or any individualized findings with respect to the 4,033 challenged voters in Muscogee County, or the 328 voters in Ben Hill County—in fact, that is precisely the point of Plaintiffs' NVRA and constitutional claims: the counties received virtually no individualized evidence about the overwhelming majority of the challenged individuals before deciding to proceed with challenge hearings, severely burdening voters in the process. And apart from concluding that the claims against the two counties are "separate and discrete," ECF 11-1 ("Muscogee Mem.") at 6, the Muscogee County Defendants have cited only immaterial factual distinctions that are (at best) tangentially related to the legal claims in this matter.

The Court should also reject the Muscogee County Defendants' request to transfer venue. The Columbus Division is certainly not more convenient for any party in this case other than the Muscogee County Defendants—Mr. Turner is currently in California, and Ms. Lewis resides in Ben Hill County. They fail to identify what additional documents or potential witnesses are necessary to resolve the mostly-legal issues raised in Plaintiffs' lawsuit. Vague assertions about witness and evidence availability should not trump Plaintiffs' choice of forum, particularly when

a change of forum would likely impede the resolution of time-sensitive election disputes, where the rights of thousands of voters are at stake.

## II. BACKGROUND

In the immediate runup to the January 5, 2021 runoff elections for Georgia's two U.S. Senate seats, a wave of mass voter challenges has descended upon the State. Electors in many of Georgia's 159 counties have submitted lists of voters whom they claim are not residents of their respective counties because their names purportedly appeared on a registry of individuals who filed change of address requests with the U.S. Postal Service. These challenges appear to be part of a coordinated statewide effort, and the overwhelming majority of counties that received these lists have correctly rejected them. The Muscogee County Board of Elections and Registration ("Muscogee Board") and the Ben Hill County Board of Elections ("Ben Hill Board") are outliers. On December 16, the Muscogee Board found probable cause to sustain the challenge, and on December 23 the Ben Hill Board reached the same conclusion.

That same day, Plaintiffs filed this lawsuit against the Ben Hill and Muscogee Boards asserting claims under the National Voter Registration Act and the First and Fourteenth Amendments to the U.S. Constitution. Specifically, Plaintiffs alleged that the Boards' actions violated Section 8(c) and 8(d) of the NVRA. Section 8(c) requires the State to complete any program to systematically remove names of ineligible voters from "official lists of eligible voters" "not later than 90 days prior to the date of a primary or general election for Federal office." *See, e.g.*, Compl. ¶ 99, ECF No. 1 (citing 52 U.S.C. § 20507(c)(2)(A)). Section 8(d), in turn, prohibits the removal of individuals from voter registration lists unless the State (1) receives written confirmation from the voter of a change of address, or (2) the voter fails to respond to a postcard notice, and also fails to vote in at least two subsequent federal general election cycles. S*ee, e.g.*,

Compl. ¶ 94 (citing 52 U.S.C. § 20507(d)(1)). Plaintiffs further alleged that the Boards' actions imposed an unconstitutional burden on the right to vote in violation of the First and Fourteenth Amendments to the U.S. Constitution. *See, e.g.*, Compl. ¶¶ 102-117.

On December 27, Plaintiffs filed their Motion for a Temporary Restraining Order seeking relief to ensure that no challenged voter would be required to cast a provisional ballot or otherwise be denied a regular ballot on the basis of NCOA registry challenges. Mot. for TRO, ECF No. 5. The Court granted Plaintiffs' motion on December 28, ECF No. 12, and the next day Plaintiffs amended their Complaint to add a plaintiff from Ben Hill County, ECF No. 20. On December 30, the Court held a hearing in Albany where Defendant Nancy Boren, the Muscogee County Director of Elections & Registration, appeared to present live testimony. That night, the Court entered a preliminary order dissolving the temporary restraining order and partially granting Plaintiffs' requested preliminary injunction.

### III. ARGUMENT

**A. Claims against the Muscogee County Defendants should not be severed.**

"When a claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting actions notwithstanding the continued existence of unresolved claims in the other." *Tia Agripina, Inc. v. Cruisers Yachts, Inc.*, No. 16-62830-CIV-WILLIAMS, 2017 WL 9280110, at *2 (S.D. Fla. Sept. 21, 2017) (quoting *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983)). In determining whether to exercise their discretion to sever claims under Rule 21, courts consider whether the claims arise from the same transaction or occurrence, whether they present *some* questions of law and fact, whether severance would promote settlement or judicial economy, and the relative prejudice to each side if severance is granted or denied. *See id*. These factors counsel against severing closely related

claims, only to have them decided by two separate courts that may reach two different conclusions on common questions of law and fact. In fact, "the Supreme Court has instructed lower courts to employ a liberal approach" when joining claims and parties in the interest of judicial economy. *SEC v. Melvin*, No. 1:12-CV-2984-CAP, 2014 WL 11833265, at *6 (N.D. Ga. Feb. 19, 2014); *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966) (recognizing that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"). This is so even when there are some distinctions between defendants; "joinder does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Melvin*, 2014 WL 11833265, at *6 (denying motion to sever where "not all . . . , but at least some, questions of law and fact are common to all defendants").

The Muscogee County Defendants would prefer to try this case elsewhere—that much is clear. But beyond their general preference for a different forum, they identify no legitimate interest in splitting this case in two and subjecting the parties to the risk of inconsistent rulings. Plaintiffs' claims against both county election boards target the exact same conduct: the county boards' decisions to find probable cause to sustain mass challenges based on lists of Georgia voters purportedly identified in the NCOA registry—which appeared to have been part of a statewide, coordinated effort. There are few, if any, factual distinctions between the county boards' decisions to proceed with the NCOA list challenges that would affect the legal analysis under the Plaintiffs' causes of action, which are based on violations of the NVRA and the federal constitution. Though it is true that each county board held its own meeting, as the Muscogee County Defendants point out, Muscogee Mem. at 6, they offer no plausible explanation why that fact would require

severance. This case does not turn on the specific details of Defendants' respective meetings, but rather on the conclusions that they reached, and the legal consequences for voters and for Majority Forward. *See* Am. Compl. ¶ 8; Declaration of JB Poersch, ECF 5-10.

Tellingly, the Ben Hill and Muscogee County Defendants have not advanced materially different arguments in this lawsuit. Both sets of Defendants largely adopted the same positions on Plaintiffs' NVRA and constitutional claims, *compare* Muscogee Opp'n to TRO Motion, ECF 23, *with* Ben Hill Opp'n to TRO Motion, ECF No. 26, and though the Muscogee County elections director may have conducted additional background research before recommending that the Muscogee Board find probable cause to sustain the challenge, she did not conduct any such inquiry for the vast majority of the challenged voters, and her limited inquiry does not materially change any aspect of this case.

Indeed, a recurring theme in the Muscogee County Defendants' motion is their failure to demonstrate the legal relevance of the distinctions they have advanced as grounds to convert Plaintiffs' narrow legal claims into two parallel lawsuits. At this stage of the proceedings, after the Court has already considered briefing, conducted an evidentiary hearing, and issued rulings on Plaintiffs' Motion for Temporary Restraining Order and request for preliminary injunction, severing Plaintiffs' claims into separate actions will not aid in the resolution of this lawsuit, but will likely impede it. Neither judicial economy nor the minimal (if any) risk of prejudice warrants such a result. To the contrary, duplicative proceedings and the risk of inconsistent rulings counsels strongly in favor of resolving all of Plaintiffs' claims in a single action. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, No. 11-80601-CIV-MIDDLEBROOKS/JOHNSON, 2012 WL 12877670, at *1 (S.D. Fla. Jan. 17, 2012) (refusing to sever lawsuit involving sixty leases which presented some common questions of law and fact).

**B. Transfer of venue to the Columbus Division is not warranted.**

There also is no reason to transfer this case from the Albany Division. While a district court has discretion under 28 U.S.C. § 1404(a) to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice," defendants "must make 'a clear-cut showing' that the balance of convenience and the interests of justice favor trial in the proposed transferee forum rather than the present forum." *First Nat'l City Bank v. Nanz, Inc.*, 437 F. Supp. 184, 188 (S.D.N.Y. 1975) (internal citation omitted); *see also Markantonatos v. Md. Drydock Co.*, 110 F. Supp. 862, 864 (S.D.N.Y. 1953) ("It must be shown that transfer will make the trial markedly more convenient.")). Defendants fail to make this showing.

As the Muscogee County Defendants note, Muscogee Mem. at 9, the Eleventh Circuit has identified nine factors that are considered in a motion to transfer under this section:

> 1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005), citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y.1990). But other than correctly identifying the nine factors, the Muscogee County Defendants fail to show that even a single one weighs in favor of transfer.

First, the Muscogee County Defendants offer no argument—because none would be persuasive—that factors 4, 5, 6, 7, 8, or 9 weigh in favor of transfer. Factor 8, Plaintiffs' choice of forum, clearly weighs *against* transfer. As the Eleventh Circuit has held, "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal citation omitted); *see also*

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (holding that when deciding a motion for transfer, the trial judge must weigh "a strong presumption against disturbing plaintiffs' initial forum choice."). The Muscogee County Defendants argue that Plaintiffs' choice is entitled to less weight where no plaintiff resides in the chosen forum, but Plaintiff Debra Lewis resides in Fitzgerald, Georgia, within the Albany Division.[1]

Under Factor 3, the convenience of the parties, the Muscogee County Defendants argue the Columbus Division is more convenient because Plaintiff Gamaliel Turner is a resident of Muscogee County. But Mr. Turner is on temporary work assignment in California—which is the whole reason he is involved in this litigation—and so Columbus is no more convenient a trip for him than Albany. More to the point, a "defendant cannot assert plaintiff's inconvenience in support of a motion to transfer." *Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 338 (E.D. Wis. 1977). Half of the Defendants in this action are in Ben Hill County, as is the Plaintiff currently residing in Georgia. It follows, then, that transferring the case to the Columbus Division would cause *more* inconvenience than deferring to Plaintiffs' chosen forum.

---

[1] Ms. Lewis was initially denied the ability to vote a regular ballot on December 28 because she had been challenged. *See* Decl. of Debra Lewis ¶ 7, ECF No. 21. And it was only after this Court entered a temporary restraining order on the night of December 28—enjoining Defendants from preventing challenged voters from casting a regular ballot, and ordering Defendants to inform challenged voters of their right to cast a regular ballot, ECF No. 12 at 11—that Ms. Lewis was permitted to cast a regular ballot on December 29 (in her second attempt at voting). Because Ms. Lewis has been challenged once already due to her name purportedly appearing in the NCOA registry, she remains susceptible to future unlawful challenges and the immediate harm resulting therefrom in future elections. *See Bourgeois v. Peters*, 387 F.3d 1303, 1308 (11th Cir. 2004) (recognizing a controversy remains justiciable if the issue presented is one that is "capable of repetition, yet evading review").

The Muscogee County Defendants' arguments regarding the convenience of witnesses fares no better. "[T]he moving party must make a specific showing of inconvenience to witnesses." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012) (internal citation omitted). "When inconvenience to witnesses is alleged some information should be put in the record as to how many witnesses are involved, the materiality of these witnesses to the case, how far away they are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important in the operation of the defendant's business." *Aetna Cas. & Sur. Co. v. Singer-Gen. Precision, Inc.*, 323 F. Supp. 1141, 1144 (D. Del. 1971); *see also Cradle IP, LLC v. Tex. Instruments, Inc.*, 923 F. Supp. 2d 696, 698 (D. Del. 2013) (holding the convenience of witnesses is relevant "only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); *Comput. Operations, Inc. v. Digital Equip. Corp.*, 387 F. Supp. 8, 10-11. (E.D.N.Y. 1975) (denying transfer where the moving party did not set forth the testimony of any of the witnesses which it intended to call at trial and where the witnesses were all under the moving party's control). Here, there is no suggestion—let alone specific facts—that *any* Defendant witnesses will be unavailable, where Albany is a mere 60 miles from Columbus. Indeed, Nancy Boren, the Muscogee County Director of Elections & Registration, appeared to present live testimony without any noted difficulty at the December 30 preliminary injunction hearing. Nor have Defendants identified any books or records that could not be produced in the Albany Division. *See Cradle IP*, 923 F. Supp. 2d at 698.

The Muscogee County Defendants have alleged no more than that some defendants live an hour up the highway from Albany. This is woefully insufficient to show that transfer would make

any trial "markedly more convenient." *Markantonatos*, 110 F. Supp. at 864. Accordingly, the motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny the Muscogee County Defendants' motion to sever claims and transfer venue.

Dated: December 31, 2020

Respectfully submitted,

*/s/ Adam M. Sparks*
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW,
Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Uzoma Nkwonta*
Jacob D. Shelly*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
(202) 654-6200

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MAJORITY FORWARD, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>BEN HILL COUNTY BOARD OF ELECTIONS, et al.,<br><br>                      Defendants. | Case No. 1:20-cv-00266-LAG |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2020, I caused a copy of the foregoing documents to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Dated: December 31, 2020.                      */s/ Adam M. Sparks*
                                                                           Adam M. Sparks
                                                                           *Attorney for Plaintiffs*