IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MAJORITY FORWARD; and GAMALIEL WARREN TURNER, SR., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Case No. 1:20-cv-00266-LAG |
| BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUNDRON MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

**MUSCOGEE COUNTY DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration (collectively, "Muscogee County Defendants"), without waiving any defenses and expressly reserving all such defenses, file this Answer and Defenses to Plaintiffs Majority Forward and Gamaliel Warren Turner, Sr.'s (collectively "Plaintiffs") Amended Complaint [ECF No. 20 ].

**FIRST DEFENSE**

The Amended Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Muscogee County Defendants did not violate any rights guaranteed to Plaintiffs under the United States Constitution or laws of the United States or of the State of Georgia.

**THIRD DEFENSE**

Plaintiffs' claims should be dismissed for lack of standing.

**FOURTH DEFENSE**

To the extent Plaintiffs assert federal-law claims against Muscogee County Defendants in their individual capacities, those claims are barred by qualified immunity.

**FIFTH DEFENSE**

To the extent Plaintiffs assert Georgia state-law claims against Muscogee County Defendants in their individual capacity, those claims are barred by official immunity.

**SIXTH DEFENSE**

Muscogee County Defendants assert the defense of sovereign immunity to the fullest extent allowed by law.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of Legislative Immunity.

**EIGHTH DEFENSE**

Muscogee County Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution.

**NINTH DEFENSE**

Venue is improper in the Albany Division of the Middle District.

**TENTH DEFENSE**

Plaintiffs are not entitled to injunctive relief because they have not suffered irreparable injury, considering the balance of hardships between Plaintiffs and Muscogee County Defendants, a remedy in equity is not warranted, and the public interest would be disserved by an injunction.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and laches.

**TWELFTH DEFENSE**

Muscogee County Defendants raise each and every affirmative defense required to be pled by state and federal law should said defenses become applicable as this action proceeds. Muscogee County Defendants specifically raise the defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure.

\*   \*   \*   \*   \*

Subject to the defenses set forth above, and without waiving any of them, Muscogee County Defendants respond to the individually numbered paragraphs of the Amended Complaint as follows:

**INTRODUCTION**

1.-7.

Denied.

**PARTIES**

8.

Denied.

9.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph. In response to the allegations contained in the third sentence of this paragraph, Muscogee County Defendants admit Turner's name was included in the elector challenge list submitted by Ralph

A. Russell, Jr.  Muscogee County Defendants deny the allegations contained in the fourth sentence of this paragraph.  Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

## 10.-17.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

## 18.-24.

Admitted.

## **JURISDICTION AND VENUE**

## 25.

In response to the allegations in this paragraph, Muscogee County Defendants state that they do not contest subject matter jurisdiction at this time except to the extent that their immunity defenses are jurisdictional.  Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied.

## 26.-27.

Denied.

## 28.

Muscogee County Defendants admit that venue is proper in the Middle District under 28 U.S.C. § 1391, but deny that venue is proper in the Albany Division.  Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied.

## FACTUAL BACKGROUND

A.   **Residency Rules for Georgia Voters.**

29.-36.

The allegations in these paragraphs contain characterizations of Georgia and federal law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

37.

Denied.

38.

The allegations in this paragraph contain characterizations of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited law speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in this paragraph in the form alleged and deny any liability therefor.

B.   **Federal Law Establishes Procedures for Removing Voters from Registration Lists Following a Confirmed Change of Residence.**

39.

Muscogee County Defendants deny the allegations contained in this paragraph as stated. More specifically, Muscogee County Defendants deny that they have removed any voters from any registration list or that they have otherwise subjected any voter to a risk of disenfranchisement. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

40.

The allegations in this paragraph contain characterizations of federal law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in this paragraph in the form alleged and deny any liability therefor.

41.-42.

Denied.

43.

The allegations in this paragraph contain Plaintiffs' characterization and interpretation of the NVRA to which no response is required. The provisions and text of 52 U.S.C. § 20507(d)(1) speak for themselves. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

44.

The allegations in this paragraph contain Plaintiffs' characterization and interpretation of Georgia law to which no response is required. The provisions and text of the statutes cited by Plaintiffs speak for themselves. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

**C.  Voter Eligibility Challenges and Change of Address Information.**

45.-51.

The allegations in these paragraphs contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Muscogee County

Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

### D. The National Change of Address Registry is Inconclusive and Unreliable, and Cannot Support a Challenge to Voter Eligibility.

52.

Admitted.

53.-56.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

57.

Denied.

58.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.

Denied.

60.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.

The allegations in this paragraph contain characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited law speak for themselves. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

62.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The allegations in the second sentence of this paragraph contain characterizations of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited law speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in the second sentence of this paragraph in the form alleged and deny any liability therefor.

63.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Muscogee County Defendants further state that they have not purged any voters. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

64.

Denied.

**E.  The Boards Consider and Refuse to Reject Frivolous Voter Residency Challenges on the Eve of the January 5, 2021 Runoff Elections.**

65.-70.

Admitted.

71.-75.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

76.

In response to the allegations contained in this paragraph, Muscogee County Defendants admit that, pursuant to 2-230(a), Ralph A. Russell, Jr., a registered voter in Muscogee County, Georgia, challenged the qualifications of several thousand individuals on the Muscogee County voter list to vote in the Georgia Senate run-off election on January 5, 2010.  Except as expressly responded to or qualified herein, the allegations contained in this paragraph are denied as is any liability therefor.

77.-79.

The allegations in these paragraphs contain Plaintiffs' interpretation of the voter challenge letter submitted by Mr. Russell.  That letter is attached to Plaintiffs' Complaint as Exhibit B and speaks for itself.  Except as expressly responded to or qualified herein, the allegations contained in these paragraphs are denied, as is any liability therefor.

80.-81.

Denied.

82.-83.

Muscogee County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.  To the extent any further response may be required, the allegations contained in these paragraphs are denied, as is any liability therefor.

84.

In response to the allegations contained in the first sentence of this paragraph, Muscogee County Defendants admit that on December 16, 2020, pursuant to O.C.G.A. § 21-2-230(b), the Board called an emergency special meeting to consider whether probable cause existed to sustain

the Russell challenge. Muscogee County Defendants deny the allegations contained in the second sentence of this paragraph. Except as expressly responded to or qualified herein, the allegations contained in this paragraph are denied as is any liability therefor.

85.

In response to the allegations contained in this paragraph, Muscogee County Defendants admit that the Board determined not to sustain challenges to individuals appearing on the voter challenge list who were in the military, elderly or disabled. Except as expressly responded to or qualified herein, the allegations contained in this paragraph are denied as is any liability therefor.

86.-88.

Denied.

89.-91.

The allegations in these paragraphs contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

92.-93.

Denied.

## CLAIMS FOR RELIEF

### COUNT I
### National Voter Registration Act
### 52 U.S.C. § 20507(d)

94.

Denied.

95.

The allegations in this paragraph contain Plaintiffs' characterization and interpretation of the NVRA to which no response is required. The provisions and text of the NVRA speak for themselves. To the extent any response may be required, Muscogee County Defendants deny the allegations in this paragraph in the form alleged and deny any liability therefor.

96.-98.

Denied.

**COUNT II**
**National Voter Registration Act**
**52 U.S.C. § 20507(c)**

99.

Denied.

100.

The allegations in this paragraph contain legal conclusions to which no response is required. The provisions and text of 52 U.S.C. § 20507(c)(2)(A) speaks for themselves. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

101.-102.

Denied.

## COUNT III
### First Amendment and Equal Protection
### U.S. Const. amends. I, XIV, 42 U.S.C. § 1983

103.-105.

The allegations in these paragraphs contain Plaintiffs' characterization and interpretation of law to which no response is required. Except as expressly responded to or qualified herein, the allegations set forth in these paragraphs are denied as is any liability therefor.

106.-114.

Denied.

115.

The allegations in this paragraph contain Plaintiffs' characterization and interpretation of law to which no response is required. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

116.

Denied.

117.

The allegations in this paragraph contain Plaintiffs' characterization and interpretation of law to which no response is required. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

118.

Denied.

## **PRAYER FOR RELIEF**

119.-122.

Denied.

## **GENERAL DENIAL**

To the extent that any allegation of the Amended Complaint within this Answer and Defenses is not specifically admitted, it is hereby denied.

## **JURY TRIAL DEMAND**

Muscogee County Defendants demand a jury trial by a jury of twelve as to all issues so triable.

WHEREFORE, having fully answered all allegations contained in the Amended Complaint, Muscogee County Defendants pray for the following relief:

(a) that judgment be entered in favor of Muscogee County Defendants and against Plaintiffs;

(b) that the costs of these actions, including attorney fees, be cast against Plaintiffs;

(c) that Muscogee County Defendants have a trial by a jury of twelve; and

(d) that the Court grants such other and further relief as it may deem just and proper.

Respectfully submitted this 13th day of January, 2021.

                          PAGE, SCRANTOM, SPROUSE,
                          TUCKER & FORD, P.C.

                          By: /s/ Thomas F. Gristina
                                James C. Clark, Jr.
                                Ga. Bar No.: 127145
                                Thomas F. Gristina
                                Ga. Bar No.: 452454

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

                          By: /s/ Clifton C. Fay
                                Clifton C. Fay
                                Ga. Bar No. 256460

P.O. Box 1340
Columbus, Georgia 31902
(706) 653-4025

                          *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the date indicated below, I submitted the foregoing document to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record.

This 13th day of January, 2021.

>*/s/ Thomas F. Gristina*
>Counsel for Defendants