IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MAJORITY FORWARD; GAMALIEL WARREN TURNER, SR.; and DEBRA LEWIS,<br><br>                Plaintiffs,<br><br>v.<br><br>BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUDRUN MILLS, in his official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections; MUSCOGEE COUNTY BOARD OF ELECTIONS AND REGISTRATION; NANCY BOREN, in her official capacity as Muscogee County Director of Elections & Registration; MARGARET JENKINS, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; UHLAND ROBERTS, in his official capacity as MEMBER of the Muscogee County Board of Elections and Registration; DIANE SCRIMPSHIRE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; LINDA PARKER, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration; and ELEANOR WHITE, in her official capacity as MEMBER of the Muscogee County Board of Elections and Registration,<br><br>                Defendants. | Civ. Act. File No. 1:20-cv-266-LAG |

## ANSWER OF BEN HILL COUNTY DEFENDANTS TO PLAINTIFFS' AMENDED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW, BEN HILL COUNTY BOARD OF ELECTIONS; CINDI DUNLAP, in her official capacity as Ben Hill County Elections Supervisor and Chief Registrar; THOMAS GREEN, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DAVID WALKER, in his official capacity as MEMBER of the Ben Hill County Board of Elections; DANNY YOUNG, in his official capacity as MEMBER of the Ben Hill County Board of Elections; GUDRUN MILLS, in her official capacity as MEMBER of the Ben Hill County Board of Elections; PENSON KAMINSKY, in his official capacity as MEMBER of the Ben Hill County Board of Elections, Defendants in the above-styled civil action (hereinafter referred to as "Defendants"), and file this, their Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, and shows the Court the following:

### FIRST DEFENSE

Defendants alleges that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted in that it fails to allege facts sufficient to support the claims asserted therein in conformance with the pleading standards set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

### SECOND DEFENSE

Plaintiffs' claims are moot.

### THIRD DEFENSE

Plaintiffs lack standing to assert the claims contained in the Amended Complaint

## FOURTH DEFENSE

Defendants are entitled to immunity under the Eleventh Amendment of the Constitution of the United States.

## FIFTH DEFENSE

Plaintiffs are not entitled to injunctive relief because they have failed to prove the essential elements.

## SIXTH DEFENSE

Plaintiff's claims are barred or abated substantially by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

Defendants are improper parties to this cause of action.

## NINTH DEFENSE

Defendants are entitled to sovereign immunity.

## TENTH DEFENSE

To the extent Plaintiffs asserted federal law claims against Defendants in their individual capacities, Defendants are entitled to qualified immunity.

## ELEVENTH DEFENSE

To the extent Plaintiffs asserted state law claims against Defendants in their individual capacities, Defendants are entitled to official immunity.

## TWELFTH DEFENSE

Defendants are entitled to legislative immunity.

## THIRTEENTH DEFENSE

Defendants are entitled to absolute quasi-judicial immunity.

## FOURTEENTH DEFENSE

To the extent as may be shown through discovery and not known by Defendants at the time of this answer, Defendants assert the affirmative defenses set forth in Fed. R. Civ. P. 8(c) and 12(b), and none are waived.

## FIFTEENTH DEFENSE

For response to the individually numbered paragraphs of Plaintiffs' Amended Complaint, Defendants show as follows:

## INTRODUCTION

1. Defendants admit that Plaintiffs bring this action. The remaining allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint are denied.

2. The allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint are denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4. The allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint are denied.

6. The allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint are denied.

7. The allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint are denied.

## PARTIES

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11. The allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint are admitted.

12. The allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint are admitted.

13. The allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint are admitted.

15. The allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint are admitted.

16. The allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint are admitted.

17. The allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint are admitted.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

25. The allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint are admitted.

26. The allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint are denied.

28. The allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint are admitted.

## FACTUAL BACKGROUND

29. The allegations contained in Paragraph 29 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 29 and deny any liability.

30. The allegations contained in Paragraph 30 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 30 and deny any liability.

31. The allegations contained in Paragraph 31 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 31 and deny any liability.

32. The allegations contained in Paragraph 32 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 32 and deny any liability.

33. The allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint are denied.

34. The allegations contained in Paragraph 34 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 34 and deny any liability.

35. The allegations contained in Paragraph 35 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 35 and deny any liability.

36. The allegations contained in Paragraph 36 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 36 and deny any liability.

37. The allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint are denied.

38. The allegations contained in Paragraph 38 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 38 and deny any liability.

39. The allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint are denied.

40. The allegations contained in Paragraph 40 contain characterizations of federal law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

41. The allegations contained in Paragraph 41 of Plaintiff's Amended Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint are denied

43. The allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization and interpretation of the NVRA to which no response is required. The provisions and text of 52 U.S.C. § 20507(d)(1) speak for themselves. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

44. The allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint are denied.

45. The allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

46. The allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

47. The allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the

extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

48. The allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

49. The allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

50. The allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

51. The allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint contain Plaintiffs' characterization of Georgia law and legal conclusions to which no response is required. The provisions and text of the cited laws speak for themselves. To the extent any response may be required, Ben Hill County Defendants deny the allegations in these paragraphs in the form alleged and deny any liability therefor.

52. The allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint are admitted.

53. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56. Defendants are without sufficient knowledge or information to forma belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

61. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The allegations in the second sentence of this paragraph contain characterizations of

Georgia law and legal conclusions to which no response is required. To the extent any response may be required, Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64. The allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint are denied.

65. The allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint are admitted.

66. The allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint are admitted.

67. The allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint are admitted.

68. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint.

69. The allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint are admitted.

70. The allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint are admitted.

71. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72. Defendants admit the allegations contained in Paragraph 72 except they deny that the number 328 is accurate.

73. The allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint are denied.

74. The allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint are admitted.

75. The allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint are denied.

76. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint.

77. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80. The allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint are denied.

81. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint.

86. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint.

87. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89. The allegations contained in Paragraph 89 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 89 and deny any liability.

90. The allegations contained in Paragraph 90 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 90 and deny any liability.

91. The allegations contained in Paragraph 91 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 91 and deny any liability.

92. The allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint are denied.

93. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I**
**National Voter Registration Act**
**52 U.S.C. § 20507(d)**

94. The allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint are denied.

95. The allegations contained in Paragraph 95 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 95 and deny any liability.

96. The allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint are denied.

97. The allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint are denied.

98. The allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint are denied.

**COUNT II**
**National Voter Registration Act**
**52 U.S.C. § 20507(c)**

99. The allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint are denied.

100. The allegations contained in Paragraph 100 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 100 and deny any liability.

101. The allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint are denied.

102. The allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint are denied.

**COUNT III**
**First Amendment and Equal Protection**
**U.S. Const. amends. I, XIV, 42 U.S.C.§ 1983**

103. The allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 103 and deny any liability.

104. The allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 104 and deny any liability.

105. The allegations contained in Paragraph 105 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The

provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 105 and deny any liability.

106. The allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint are denied.

107. The allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint are denied.

108. The allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint are denied.

109. The allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint are denied.

110. The allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint are denied.

111. The allegations contained in Paragraph 111 of Plaintiffs' Amended Complaint are denied.

112. The allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint are denied.

113. The allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint are denied.

114. The allegations contained in Paragraph 114 of Plaintiffs' Amended Complaint are denied.

115. The allegations contained in Paragraph 115 contain characterizations of Georgia and/or federal law and legal conclusions to which no response is required. The

provision and text of the cited laws speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 115 and deny any liability.

116. The allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint are denied.

117. The allegations contained in Paragraph 117 of Plaintiff's Amended Complaint contain characterization and interpretation of law to which no response is required. Except as expressly responded to or qualified herein, the allegations set forth in this paragraph are denied as is any liability therefor.

118. The allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint are denied.

Defendants hereby deny Plaintiffs' prayers for relief in Paragraphs 119 through 122 of Plaintiffs' Amended Complaint.

## GENERAL DENIAL

All other allegations set forth in Plaintiffs' Complaint and Amended Complaint not specifically addressed above are hereby denied.

## JURY DEMAND

Defendants demand a jury trial by a jury of twelve as to all issues so triable.

WHEREFORE, having fully answered all allegations contained in the Amended Complaint, Defendants pray for the following relief:

(a) that judgment be entered in favor of Defendants and against Plaintiffs;

(b) that the costs of these actions, including attorneys' fees, be cast against Plaintiffs;

(c) that Defendants have a trial by a jury of twelve; and

(d) that the Court grants such other and further relief as it may deem just and proper.

This 19th day of January, 2021.

        HALL BOOTH SMITH, P.C.

        /s/ Anthony A. Rowell
        ANTHONY A. ROWELL
        Georgia Bar No.: 616930


        /s/ Nicholas A. Kinsley
        NICHOLAS A. KINSLEY
        Georgia Bar No.: 273862


        /s/ Hank Pittman
        HANK PITTMAN
        Georgia Bar No.: 581271

        *Counsel for Defendants*

1564 King Road
Tifton Georgia 31793
(229) 382-0515 – Telephone
(229) 382-1676 – Facsimile
arowell@hallboothsmith.com
nkinseley@hallboothsmith.com
hpittman@hallboothsmith.com

20 | P a g e

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF BEN HILL COUNTY DEFENDANTS TO PLAINTIFFS' AMENDED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record and pro se Plaintiffs, as well as by placing a copy of same in the United States Mail, in envelopes with adequate postage affixed thereon to ensure delivery to all pro se parties.

This 19th day of January, 2021.

HALL BOOTH SMITH, P.C.

/s/ Nicholas A. Kinsley
NICHOLAS A. KINSLEY
Georgia Bar No.: 273862

*Counsel for Defendants*

1564 King Road
Tifton, Georgia 31793
(229) 382-0515
nkinsley@hallboothsmith.com